STATE EX REL. v. BOARD OF COUNTY COMMISSIONERS.

1. WORDS AND PHRASES—CLERK OF COURTS—COMMISSIONS.

The term "actually collected" as used in Sec. 1365-1, Rev. Stat., 93 O. L., 446, upon which the clerk is entitled to a percentage as compensation, and the word "collected" in Sec. 1365-6, Rev. Stat., requiring the payment of certain moneys "collected by him to be paid in the fee fund are synonymous terms, and it follows that he can not "collect" that which he does not "actually collect." Therefore he is entitled to a percentage on all moneys which come into his hands as fees which he is reqrired to pay into the fee fund.

2. ENTITLED TO COMMISSION ON COSTS COLLECTED FROM STATE AND COUNTY.

Under Sec. 1365-1, Rev. Stat., 93 O. L., 446, fixing the compensation of the clerk of the court of common pleas of Cuyahoga county and allowing him as extra compensation ten per cent. of all fees actually collected by him and paid into the fee fund of the county. he is entitled to such allowance out of all fees collected by him under the statute whether paid to him out of the state treasury under Sec. 7336, Rev. Stat., the general fund of the county treasury, under Secs. 1261, 1262, and 2701v, Rev. Stat., and by him paid into the fee fund of the county, or from other or ordinary sources authorized by law.

3. PURPOSE OF SALARY LAW DOES NOT DEFEAT ALLOWANCE

The enactment of Secs. 1365-1, Rev. Stat. *et seq.* providing for the compensation of the county clerk of Cuyahoga county does not affect the duty imposed upon him of collecting fees and costs. Before the enactment of this statute when the clerk was paid in fees he was required to collect fees and costs from the state and county treasuries in payment thereof. Hence while the design of the new statute is to reduce an excessive compensation to county officers and stimulate the collection of fees and costs, the purpose of the statute stimulating the collection of such moneys cannot be construed to deprive such clerk of his percentage allowed on the collection thereof merely because no such incentive is required to collect fees and costs from the state and county treasuries.

4. CLERK'S DUTY TO REPORT SUCH FEES.

Under Secs. 1365-3 and 1365-6, Rev. Stat., 93 O. L., 446, the clerk of the court of common pleas of Cuyahoga county is compelled to make a report monthly of all fees, costs, etc., collected by him from the state and county treasuries during the month and pay the same to the county treasurer for the use of the fee fund.

MANDAMUS.

*Wilcox, Collister, Hogan & Parmalee,* for plaintiff.

*P. H. Kaiser,* for defendant.

MARVIN, J.

The relator is clerk of the courts of Cuyahoga county, Ohio, and files his petition praying for a writ of mandamus to issue against the defendants, commanding them to allow to him as a valid claim certain money which he says is due to him as compensation for official services, and which the defendants refuse to allow.

The compensation of the clerk of this county is fixed by Sec. 1365-1, Rev. Stat., and the part of such section to be construed here, reads :

" That in each county containing a city of the second grade of the first class, the compensation of the officers thereof shall be as follows : Clerk of the court of common pleas, an annual salary of four thousand dollars, then twenty per cent. the first year after the passage of this act, twenty per cent. the second year, after the passage of this act, and ten per cent. thearafter of all fees actually collected by him and paid by said clerk into the fee fund as hereinafter provided."

This statute, as it now exists, was passed on March 11, 1898, 93 O. L., 446, and so only the ten per cent. clause of the statute need be considered here, as the time is already past in which twenty per cent. is allowed.

The petition sets out that during the month of December, 1900, certain persons were tried and convicted of felonies in the court of common pleas of this county, and sentenced to imprisonment in the penitentiary of the state and to pay the costs of prosecution ; that execution was issued against the property of the persons thus convicted, for such costs; that nothing was realized upon said executions, and that the persons, so convicted, were thereafter conveyed to the penitentiary and delivered to the warden, together with certified cost bills in each case, which cost bills were allowed by the warden who certified such allowances ; that the auditor of the state drew his warrant in favor of the sheriff, upon the state treasurer ; that such warrants were paid to the sheriff ; that the money, so paid to the sheriff, included the sum of $45.42, as fees lawfully taxed in the relator's favor as such clerk, for official services rendered in said causes, and was turned over by the sheriff to the relator and by the relator paid into the county treasury, to the credit of the fee fund of said county and accounted for to the defendants.

That, during the months of September, October, November and December, 1900, there accrued to the relator for official services performed for and in connection with the grand and petit juries of the county, the sum of $502.23 ; that this sum was paid to the relator by the treasurer of said county, out of the general fund in the treasury, and the same was paid by the relator into the county treasury to the credit of the fee fund of said county, and was duly accounted for to the defendants.

That, between October 6, 1900, and January 1, 1901, there accrued to the relator a sum largely in excess of $300, in criminal cases pending in the court of common pleas of said county, wherein the state failed to collect or pay costs after due and diligent effort made therefor, and that, on account of the fees in said cases, there was paid to him as clerk, out of the general fund of the county treasury, the sum of $300, which was paid by him into the county treasury to the credit of the fee fund, and duly accounted for by him to the commissioners.

That during the months of December, 1900, and January and February, 1901, certain persons were tried and convicted of misdemeanors in the court of common pleas of said county and sentenced to pay certain fines and costs and, upon failure to pay such fines and costs, were committed to the workhouse of the city of Cleveland ; that costs in such cases had been lawfully taxed for official services of the relator, amounting in the aggregate to $49.86, which sum was paid to the relator by the treasurer of the county out of the general fund thereof and by the relator paid into the county treasury to the credit of the fee fund and duly accounted for to the defendants.

After having made all the collections hereinbefore named, the relator presented his claim for ten per cent. of the same to the commissioners, and demanded that it be allowed, which was refused by them.

To this petition the defendants filed a general demurrer. And so the question is raised as to whether the clerk is entitled to the allowance of the ten per cent. provided for in the statute, upon the moneys paid to him as fees out of the general fund of the county treasury, and by him paid into the fee fund of the county treasury, and upon moneys paid to him as fees out of the state treasury and by him paid into the fee fund of the county treasury.

Prior to the passage of the statute under consideration and that to which this is an amendment, the compensation of the clerk was entirely made up of fees. The design of the statute, without doubt, was to reduce that compensation which had grown to be excessive, and so it was provided that the clerk should have a fixed salary of four thousand dollars, and, by the same statute, a salary was fixed for each of the other county officers. It being important, however, that the clerk should collect all fees from parties against whom they were taxed, which could possibly be collected, the provision for paying a percentage upon such fees was added. A similar provision is made for the sheriff. No such provision is made for the other officers, doubtless, for the reason that most of the fees paid to such other officers, are paid at the time the work is done, which is not generally true as to the clerk and the sheriff.

The money received by the clerk, which came from the state treasury, was paid to him under Sec. 7336 Rev. Stat., and the sections immediately preceding. The other moneys upon which the clerk claims the percentage, were paid to him under Secs. 1261, 1262 and 2107v, which several sections provide for the payment of costs in criminal cases out of

the county treasury and for the payment of fees to the clerk for services rendered to the grand jury out of the county treasury.

· In support of the demurrer it is urged that these fees paid to the clerk from the state and county treasuries and by him paid to the county treasurer into the fee fund, are not, in any proper sense, included in the words "fees actually collected by him and paid by said clerk into the fee fund " as found in the statute.

It is said that to take money from the county treasurer and immediately pay it to that same treasurer, is, in no sense, "an actual collection," although the payment to the treasurer by the clerk is that it may be placed in a fund separate from the general fund from which it was taken when paid to him. And it is said that the purpose of allowing this ten per cent. commission to the clerk was clearly to stimulate him to collect *all* the costs which could be collected from parties to litigation in courts, against whom the costs are assessed, and that this purpose does not exist as to these payments to be made out of the state and county treasuries.

It must not be forgotten, however, that the statute providing for the compensation of the clerk by a salary, does not, in any wise, affect the duty imposed upon him of collecting costs and fees. *All* such costs and fees are to be collected by him, under the present statute, as were required to be collected before the enactment of this statute.

By section 1365–2 it is provided that: " The fees, costs, percentages, penalties, allowances, and all other perquisites of whatever kind, which, by law, the clerk of the court of common pleas  *  *  *  in counties containing a city of the second grade of the first class, may receive and collect for any services rendered, shall be received and collected  *  *  * for the sole use of the treasury of said county, as public moneys belonging to it, and shall be accounted for and paid over as such."

Section 1365–3 provides: ''Each of the several officers named in the preceding section shall submit to the county commissioners, monthly, during each year of their official term, a certificate and sworn statement in detail of all the costs, fees, percentages, penalties, allowances and other perquisites of every kind in any cause, matter or proceeding received by him for services rendered during the month next preceding the time of making such statement.''

And section 1365–6 provides for the payment at the end of each month " into the county treasury, on the warrant of the county auditor to the credit of the fee fund, and account to the county commissioners, for the use of the county, all the fees, costs, penalties, percentages, allowances and perquisites of every sort collected by him during said month.

It can not be doubted that the clerk is *bound* to· make report to the commissioners of these moneys paid to him out of the state and county treasuries ; nor can it be doubted that he is bound to pay over to the county treasurer for use of the fee fund all these moneys so paid to him. And yet the language of this section requiring him to pay into the fee fund, requires him to pay only that which has been " collected by him during said month."

If any claim is made that the words used in Sec. 1365–1, " actually collected by him," and the words used in Sec. 1365–6, " collected by him," do not mean the same thing, it follows that one may collect that which he does not " actually collect." If this be so, there must be such a thing as the constructive collection of fees, of which, probably, none of us have ever heard.

We are of the opinion that the term, "actually collected," as used in the first section quoted from, and the word, "collected," as used in the other section, are synonomous in their meaning, and that the clerk is entitled to a percentage on all moneys which come into his hands as fees and which he is required to pay into the fee fund.

The case of State ex rel. v. Brewster, 44 Ohio St., 249 [6 N. E. Rep., 653], is cited in support of the demurrer.

In that case, the prosecuting attorney of Hamilton county claimed a commission of ten per cent. on moneys paid to the order of the clerk of the court of common pleas, under the provisions of Secs. 7336 and 7337, Rev. Stat. The statute under which the claim was made, is Sec. 1298, Rev. Stat., and reads:

"In addition to his salary, the prosecuting attorney is entitled to ten per cent. on all moneys collected on fines, forfeited recognizances, a·id costs in criminal causes, provided that such commission shall not in any one case exceed one hundred dollars."

In the opinion in that case, on page 250, this language is used:

"The question arises upon the proper construction of the language, 'on all moneys collected  *  *  *  on costs in criminal causes,' used in Sec. 1298. Does the language embrace costs paid by the state to the order of the clerk under the sections above referred to, or is it confined to such costs as the prosecuting attorney collects of defendants in criminal causes, in performance of the duty imposed on him by section 1273, Rev. Stat.?  *  *  *

"Now looking outside of Sec. 1298 to other sections of the Revised Statutes, more or less related to it in subject-matter, we find that by Sec. 7183 it is made the duty of the prosecuting attorney to prosecute and recover the penalty of all recognizances by him received; and, by Sec. 1273, to prosecute on behalf of the state all complaints, and in every case of conviction to 'forthwith cause execution to be issued for the fines and costs, or costs only, as the case may be, and faithfully urge the collection until it is effected;' and 'forthwith pay over to the county treasurer all moneys belonging to the state or county which come into his possession for fines, forfeitures, costs, or otherwise.'

" Now we think it is manifest that the mind of the legislature was directed to the provisions of these several sections when it enacted Sec. 1298, and that the commission there allowed on all moneys collected on fines, forfeited recognizances, and costs in criminal causes, has reference to such fines, forfeited recognizances, and costs in criminal causes, as, by these sections, he is required to collect."

Again, this language is used in the opinion:

"It is hardly to be supposed that the allowance of a commission on moneys collected by a prosecuting attorney in the performance of a duty required of him by statute would be associated with the allowance of a percentage on moneys neither collected nor required to be collected by him."

It will be observed that, in this opinion, stress is laid upon the fact that the moneys upon which the prosecuting attorney was claiming a percentage, were moneys which, in no sense, were ever collected by him; they never came into his hands, nor were they ever required to come into his hands; which clearly distinguishes the case from the one at bar, where all moneys are required, by law, to come into the hands of the clerk.

We are of opinion that the moneys upon which the relator in this action seeks to recover a percentage, are "fees actually collected by him and paid by said clerk into the fee fund," upon which he is entitled to the commission of ten per cent.

The demurrer is overruled.